505 So.2d 1116 (1987)
Brian BEVAN, Appellant,
v.
Frank WANICKA, Individually and As Sheriff of Lee County, and Thomas Wallace, Individually and As Designated Custodian of the Records, Appellees.
No. 86-1999.
District Court of Appeal of Florida, Second District.
April 22, 1987.
*1117 Brian Bevan, pro se.
Thomas C. Chase of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, P.A., Fort Myers, for appellees.
SCHEB, Acting Chief Judge.
Brian Bevan appeals a trial court's order dismissing his case with prejudice. We reverse.
Bevan filed suit against the appellees claiming a violation of the Public Records Act. See § 119.07, Fla. Stat. (1985). Bevan was seeking police records of an investigation pertaining to the death of a young man named William B. Jackman. Subsequently, he amended his complaint to include an allegation of destruction or concealment of records. In response to the amended complaint, appellees sought discovery, among other things, of the following: (1) information regarding Bevan's criminal history, if any; (2) the names, phone numbers, and addresses of witnesses who supplied Bevan with information regarding the allegedly missing records; and (3) the names, addresses, and phone numbers of any private investigators retained by Bevan to locate allegedly missing records. Although the trial court granted Bevan's motion for a protective order as to other items appellees sought, it required that he provide the information in (1), (2), and (3).
Bevan petitioned this court for writ of certiorari, contending that the trial court departed from the essential requirements of the law by compelling him to answer the subject questions. We denied his petition without opinion. Bevan v. Wanicka, 487 So.2d 298 (Fla. 2d DCA 1986). Thereafter, the trial court in a modified order compelled Bevan to answer questions regarding (1) his criminal history and (2) the names, phone numbers, and addresses of witnesses who had personal knowledge relating to the existence or nonexistence of public records.
Upon Bevan's refusal to answer such questions, appellees sought to have the court hold him in contempt and impose sanctions. At the hearing on their motion, the trial judge gave Bevan another opportunity to comply with the discovery request. When he again refused to answer the subject discovery, the trial court declined to hold him in contempt but dismissed his suit with prejudice. Bevan then filed this appeal.
At the outset, we note that a simple denial of certiorari without opinion is not an affirmance and does not establish the law of the case. Don Mott Agency, Inc. v. Harrison, 362 So.2d 56 (Fla. 2d DCA 1978). Therefore, we reject appellees' contention that our denial of Bevan's petition for certiorari constitutes the law of the case now before us.
The basic premise of the Public Records Act is to have all state, county, and municipal records in Florida open to public inspection, unless specifically exempted by statute. Tribune Co. v. Public *1118 Records, 493 So.2d 480 (Fla. 2d DCA 1986). Furthermore, the Public Records Act does not condition the inspection of public records on any requirement that the person seeking to inspect records reveal that person's background information. See § 119.07, Fla. Stat. (1985). Therefore, unless the records Bevan sought were specifically exempted, he was entitled to inspect them in accordance with the statute. Here, however, Bevan's suit became more than a request for public records because he also alleged destruction and concealment of records. As such, the appellees were entitled to discover the source(s) of Bevan's allegations as to these items. There does not, however, appear to be any relevant reason for the discovery of Bevan's past criminal record, if any. See News-Press Publishing Co., Inc. v. Gadd, 388 So.2d 276 (Fla. 2d DCA 1980) (holding that the Public Records Act does not direct itself to the motivation of the person who seeks the records.)
Accordingly, we reverse the dismissal of Bevan's action. We remand for an evidentiary hearing as to whether the appellees have furnished Bevan all available public records to which he is entitled. If at that time Bevan still pursues his allegation of destruction and concealment, the trial court can re-address the appellees' requests for discovery concerning Bevan's knowledge of any alleged concealment or destruction of records.
RYDER and LEHAN, JJ., concur.