LEHAN, Acting Chief Judge.
The City appeals from a temporary injunction prohibiting the City from spending public funds to advertise its position on an upcoming referendum vote. We reverse.
The injunction was sought in a suit brought by the Peoples Committee for Common Sense Government, identified in its complaint as a political action committee organized under the laws of the state of Florida. We agree with the City’s contention that the Peoples Committee had no standing to bring the suit.
The Peoples Committee argues that in a suit like this no special injury to plaintiff of the type referred to in Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917), and Godheim v. City of Tampa, 426 So.2d 1084 (Fla. 2d DCA 1983),[1] need be shown when, as here, there is a constitutional attack upon a legislative body’s exercise of its taxing and spending power. See Department of Administration v. Horne, 269 So.2d 659 (Fla.1972); Godheim, 426 So.2d at 1087. However, a plaintiff in this type of case must nevertheless show, and the Peoples Committee has not shown, that it is a taxpayer and is therefore affected by the spending of tax money which it is challenging. See Department of Revenue v. Markham, 396 So.2d 1120 (Fla.1981); Horne.
Reversed.
HALL and SANDERLIN, JJ., concur.

. See also North Broward Hospital Dist. v. Fornes, 476 So.2d 154 (Fla.1985).