774 So.2d 838 (2000)
Sylvia RICKARD, Appellant,
v.
Gordon McKESSON, Appellee.
No. 4D00-507.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
*839 John M. Jorgensen and Kevin M. Wagner of Scott, Harris, Bryan, Barra & Jorgensen, Palm Beach Gardens, for appellant.
Michael H. Gora of Hudgson, Russ, Andrews, Woods & Goodyear, LLP, Boca Raton, for appellee.
KLEIN, J.
Donald Blackwell, who was eighty-eight years old and childless, adopted seventy-two year old Gordon McKesson in 1994. Blackwell was the beneficiary of a trust and, if he had died childless, the trust remainder would have gone to appellant Silvia Rickard. When Blackwell died and McKesson asserted his rights to inherit under the trust, Rickard, alleging the adoption had been concealed, brought this action in 1999 to void the adoption as a fraud on the court. She alleged that McKesson and Blackwell were a gay couple, that the adoption violated section 63.042(3), Florida Statutes (1993), which bars homosexuals from adopting, and that it was a subterfuge to deprive her of her inheritance.
McKesson argued that the complaint failed to state a cause of action on three grounds: (1) Rickard had no standing to challenge the adoption; (2) this did not amount to fraud on the court; and (3) the statute prohibiting a homosexual from adopting is unconstitutional.[1] The trial court dismissed the complaint on the ground that it did not allege fraud on the court and was thus time barred because it was not brought within one year. Fla. R.Civ.P. 1.540(b). Accepting the allegations of the complaint as true, we conclude that a cause of action for fraud on the court has been stated.
The first issue we address is whether Rickard would have had standing, if she had known about the adoption proceeding, to challenge it. Rickard was Blackwell's niece. Her mother, Blackwell's sister, is deceased. The trust was established by Blackwell's father and, as we said earlier, if Blackwell died childless, his share of the trust would have gone to Rickard, who had already inherited her mother's share of the trust.
*840 McKesson argues that when the adoption took place, Rickard would only have been a contingent beneficiary of the trust, because in order to inherit Blackwell's share, she would have had to survive him. We do not agree that this contingency would have deprived her of standing to contest the adoption.
In Richardson v. Richardson, 524 So.2d 1126 (Fla. 5th DCA 1988), the issue was whether a son had standing to object to a final accounting filed by his mother in the estate of his deceased father. His mother, the widow of the deceased, alleged that her son did not have standing because in her will she was exercising her power of appointment to exclude her son from receiving anything, and therefore he had no interest. The fifth district held that, until the widow died, she could change her exercise of the power of appointment in favor of her son, and accordingly the son's interest, although contingent, was sufficient to give him standing to object. See also Brogdon v. Guardianship of Brogdon, 553 So.2d 299, 301 (Fla. 1st DCA 1989) ("A contingent beneficiary under a testamentary trust has been determined to have a sufficient interest for standing to object to a final probate accounting.").
In the present case, the trust established by Blackwell's deceased father could not have been changed. Rickard was a beneficiary of that trust if she outlived her eighty-eight year old uncle and he died childless. We conclude that Rickard had standing under Richardson, even though her interest was contingent.
Nor would the fact that she was not a party to the adoption proceeding preclude her from collaterally attacking it. In Zoning Board of Monroe County v. Hood, 484 So.2d 1331, 1333 n. 4 (Fla. 3d DCA 1986), the court explained:
Appellants Wheaton and Upper Keys Citizens Association, although strangers to the original court action, may assail the judgment either by a motion filed pursuant to Florida Rule of Civil Procedure 1.540(b), based on fraud, see Pearlman v. Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981), or by an independent collateral attack in which they may show fraud, collusion, lack of jurisdiction, or that they should have had notice of the intended stipulated judgment because enforcement of the judgment would adversely affect their substantial rights. See Gaylord v. Gaylord, 45 So.2d 507 (Fla.1950); Tallentire v. Burkhart, 153 Fla. 278, 14 So.2d 395 (1943); Crosby v. Burleson, 142 Fla. 443, 195 So. 202 (1940); Shapiro v. DiGuilio, 95 Ill. App.2d 184, 237 N.E.2d 771 (1968).
This brings us to the main issue, which is whether these allegations constitute fraud on the court, defined in DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984), as the
prevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent away from court; falsely promising a compromise; ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat; and so on.

Fair v. Tampa Electric Co., 158 Fla. 15, 18, 27 So.2d 514, 515 (1946). See Black's Law Dictionary 595 (rev. 5th ed.1979). In other words, extrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause.
Rule 1.540(b), authorizes setting aside final judgments for a number of reasons, and requires that such actions be brought within one year of the judgment. It contains, however, the following exception:
This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
*841 The trial court reasoned that the fraud alleged in the present case was, at most, intrinsic, and therefore not fraud on the court. The action was therefore barred by rule 1.540(b) because it was not brought within one year. The trial court, in concluding that this did not amount to fraud on the court, focused too narrowly on the alleged violation of the statute, and not enough on the fact that Rickard's right to inherit under the trust gave her standing to question the legitimacy of the adoption. We need not decide whether the mere violation of the statute alone would constitute fraud on the court, because it is the allegation that the adoption was a sham to enable McKesson to inherit trust funds which should have gone to Rickard, which is the essence of this case.
A similar situation was presented in Minary v. Citizens Fidelity Bank & Trust Co., 419 S.W.2d 340 (Ky.1967), in which a trust left the remainder to surviving heirs, according to the state laws of descent and distribution, and if there were no such heirs, then to a church. In an attempt to avoid the trust funds from being distributed to the church, the only living child of the creator of the trust adopted his own wife, so that she would be his heir. The court refused to recognize the adoption, and the property passed as the testator had intended.
We conclude that Rickard's allegations involving the illegitimacy of this adoption are sufficient for her to maintain an independent action to set aside the judgment of adoption based on fraud on the court. We therefore reverse.
DELL and GROSS, JJ., concur.
NOTES
[1] In Cox v. Department of H.R.S., 656 So.2d 902, 903 (Fla.1995), our supreme court held that the statute did not violate the right to privacy or due process, and was not unconstitutionally vague, but did not reach the issue of whether the statute denied equal protection because of an insufficient record.