Ms. Elizabeth M. Hernandez Coral Gables City Attorney Post Office Box 141549 Coral Gables, Florida 33114-1549
Dear Ms. Hernandez:
You ask the following question:
May the City of Coral Gables require persons who wish to attend public meetings of its boards held in facilities where sensitive documents may be stored to present identification as a condition of attendance?
You state that the city has established a number of public boards that are subject to the provisions of the Government in the Sunshine Law, section 286.011, Florida Statutes.[1] These boards address a range of issues, some of which may touch on security matters. You further state that these boards hold public meetings in city facilities that may also store documents and other information that may be exempt from the Public Records Law for security concerns. The city is therefore interested in requiring people who wish to attend public meetings of such boards to present identification as a condition of attendance.
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that meetings of a public board or commission be "open to the public." A right of access to meetings of collegial public bodies is also recognized in the Constitution.[2] In the absence of a specific exemption provided by law, covered boards or commissions must meet in the sunshine.[3]
Public access to meetings of public boards or commissions is a key element of the Sunshine Law. This office has stated that the term "public" means "the people as a whole" and that the phrase "open to the public" means open to all persons who choose to attend.[4] Section286.011(6), Florida Statutes, specifically provides that "[a]ll persons subject to subsection (1) are prohibited from holding meetings at any facility or location which discriminates on the basis of sex, age, race, creed, color, origin, or economic status or which operates in such a manner as to unreasonably restrict public access to such a facility."
This office has advised public boards or commissions to avoid holding meetings in places not easily accessible to the public. Thus, for example, this office suggested that a public board avoid the use of luncheon meetings to conduct board business since such meetings may have a chilling effect on the public's willingness or desire to attend.[5]
In Attorney General Opinion 96-55, this office was asked whether a city's police pension board could hold its meetings in a facility where the public has limited access and where there may be a chilling effect on the public's willingness to attend by requiring the public to provide identification, to leave such identification while attending the meeting, and to request permission before entering the room where the meeting is held. This office was concerned that persons wishing to attend the pension board meeting may be reluctant to attend a meeting at a place not normally open to the public where they must provide identification to enter and leave such identification while in the building. This office considered that such a requirement could have a chilling effect on the public's willingness to attend, and this was one of the reasons the board was advised not to hold its meetings at such a facility.
Similarly, the requirement that members of the public must provide identification prior to their attendance at a public meeting could have a chilling effect on the public's willingness to attend. Nothing in the Sunshine Law imposes such a requirement. This office has recognized that, in providing an opportunity for public participation, reasonable rules and policies that ensure the orderly conduct of a public meeting and that require orderly behavior on the part of those attending may be adopted. However, the requirement that persons attending a public meeting must provide identification as a condition of their attendance would not appear to be related to those goals. This is not to say however, that an agency may not impose certain security measures on members of the public entering a public building, such as requiring the public to go through metal detectors or have their purses or briefcases searched.
You note that the boards may address issues touching on security matters. However, as noted above, in the absence of a specific exemption provided by law, boards or commissions subject to the Sunshine Law must conduct meetings that are open to the public, i.e., to all persons who choose to attend. You also state that the building in which the meetings are held may store documents and other information related to security functions. Most, if not all, public offices will contain public records, some of which contain exempt material. The fact that the building may contain records containing confidential material would not appear to justify imposing a condition, such as requiring proof of identification, that may have a chilling effect on the public's willingness to attend. I would note that in an analogous situation, this office, when considering whether an agency may require a person requesting public records to disclose his or her name or address, has previously stated that such a requirement is, in the absence of statute, impermissible as a condition to accessing public records.[6] To the extent that meetings have been held in a limited access facility, this office would suggest, as it did in Attorney General Opinion 96-55, that such meetings be held where there is greater public access.
Accordingly, I am of the opinion that the City of Coral Gables may not require persons who wish to attend public meetings of its boards to present identification as a condition of attendance.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971) (Sunshine law applies to public collegial bodies within this state, at the local as well as the state level); Monroe County v. Pigeon KeyHistorical Park, Inc., 647 So.2d 857, 869 (Fla. 3rd DCA 1994) ("the Sunshine Law equally binds all members of governmental bodies, be they advisory committee members or elected officials").
[2] See Art. I, s. 24, Fla. Const. The state Legislature is authorized to provide by general law passed by two-thirds vote of each house for an exemption provided such law states with specificity the public necessity justifying the exemption and is no broader than necessary to accomplish the stated purpose of the law. See Art. I, s. 24(c), Fla. Const. 
[3] See Ops. Att'y Gen. Fla. 92-17 (1992); 89-37 (1987). And see Cityof Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971) (in the absence of a statute exempting a meeting in which privileged materials are to be discussed, s. 286.011, Fla. Stat., should be construed as containing no exceptions).
[4] See, Op. Att'y Gen. Fla. 79-01 (1979).
[5] See Inf. Op. to Campbell, February 8, 1999; and Inf. Op. to Nelson, May 19, 1980.
[6] See, e.g., Op. Att'y Gen. Fla. 92-38 (1992). And see Bevan v.Wanicka, 505 So.2d 1116 (Fla. 2nd DCA 1987) (production of public records may not be conditioned upon a requirement that the person seeking inspection disclose background information about himself or herself).