CALOCA-JOHNSON, DAWN, Associate Judge.
Petitioner seeks certiorari relief from the trial court’s order below directing it to disclose four redacted paragraphs in a medical opinion report prepared by its expert witness. Petitioner argues that the redacted paragraphs are privileged because they do not relate to any issue in this case, and because they discussed an opinion rendered in anticipation of potential litigation. Because we agree with Petitioner as to three of the four redacted *863 paragraphs, we grant certiorari, in part, and quash the order.

Facts

This case involves a personal injury action for damages resulting from a January 17, 2009, motor vehicle accident allegedly caused by Petitioner’s employee. On August 27, 2012, Respondent Elizabeth Walthour underwent spinal surgery, which Respondents allege was a direct result of the motor vehicle accident. Respondents have filed an independent medical malpractice action against the surgeon, Dr. Robert Hurford because of a perforated colon that occurred during her surgery and other post-surgical complications. The complaint against Petitioner does not allege medical malpractice and does not seek damages for any complications arising out of the surgery.
Petitioner retained Dr. Jonathan Hyde, a board certified orthopedic surgeon. Pursuant to Petitioner’s counsel’s request, Dr. Hyde prepared a report summarizing his opinions regarding causation between the accident and the surgery as well as the standard of care rendered by Dr. Hurford. Petitioner filed an expert witness disclosure listing Dr. Hyde as an expert, and specified that his testimony would be limited to the causal connection, if any, between the accident and the surgery. Petitioner provided Respondents with a copy of Dr. Hyde’s report, but redacted four paragraphs purportedly containing his standard of care opinion, asserting work product privilege.
Respondents filed a motion to compel production of the complete unredacted report. Petitioner argued that the issue to be determined by the jury is limited to whether the surgery was a direct result of the motor vehicle accident, not whether Dr. Hurford was negligent in performing the surgery. Petitioner argued that Dr. Hyde’s opinion regarding the standard of care rendered by Dr. Hurford is privileged because Dr. Hyde prepared the opinion at Petitioner’s request to assist in the preparation of legal theories and strategy in the event of potential litigation in which the standard of care would be at issue.[1] Respondents argued that because Dr. Hyde would be testifying as an expert on Petitioner’s behalf, they were entitled to the entire report so they could cross-examine Dr. Hyde about his “motive” and “bias.” N.otably, they did not argue that the standard of care opinion was relevant to any issue to be litigated at trial. Following the trial court’s in camera review of the unre-dacted report, Respondent’s motion to compel was granted.

Analysis

The standard for establishing entitlement to certiorari relief from a non-final order is that the order under review 1) constitutes a departure from the essential requirements of the law, 2) resulting in material injury for the remainder of the case, 3) which cannot be remedied on post-judgment appeal. Bd. of Trustees of Internal Improvement Trust Fund v. Am. Educ. Enterprises, LLC, 99 So.3d 450, 454 (Fla.2012). Orders requiring disclosure of material not subject to discovery by reason of privilege are commonly reviewed by cer-tiorari because the harm caused by wrongly compelling a petitioner to disclose protected material is irreparable. Barker v. Barker, 909 So.2d 333, 336-37 (Fla. 2d DCA 2005).
Parties are entitled to discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending *864 action. See Fla. R. Civ. P. 1.280(b)(1) (emphases added). To obtain discovery of documents otherwise discoverable under subdivision (b)(1) and prepared in anticipation of litigation, the party seeking discovery must show need of the materials for the preparation of their case and 'the inability to obtain the substantial equivalent without undue hardship. Fla. R. Civ. P. 1.280(b)(4). Discovery of opinions held by experts, otherwise discoverable under subdivision (b)(1), and acquired or developed in anticipation of litigation, may be obtained by interrogatories or deposition. Fla. R. Civ. P. 1.280(b)(5) (emphasis added).
The case before us involves a personal injury action. There is no'indication in the record that Respondents are seeking damages from Petitioner related to any alleged malpractice committed with respect to Respondent’s surgery. Petitioner retained Dr. Hyde to render an opinion as to whether there was any causal connection between the accident and the surgery. Petitioner’s expert witness disclosure specifically limited Dr. Hyde’s testimony to “preexisting injuries and opine as to whether the alleged injuries for which she underwent surgery by Dr. Hurford on or about August 27, 2012, were at all related to the subject accident from the perspective of an orthopedic surgeon.” This particular opinion is clearly relevant to the action here. Accordingly, because Petitioner intends to use Dr. Hyde’s opinion, it is not privileged and is discoverable.
Petitioner also retained Dr. Hyde to render his opinion regarding the standard of care attendant to Respondent’s surgery. Because Respondents are not seeking damages from Petitioner for any alleged malpractice connected to the surgery, Dr. Hyde’s opinion on that issue is not relevant here. Furthermore, it is clear that Dr. Hyde rendered a standard of care opinion at the request of Petitioner’s counsel in order to ascertain Petitioner’s legal posture and potential recourse against Dr. Hurford, if and only if, the jury returned a verdict in favor of the Respondents. Therefore, the redacted paragraphs of the medical opinion report concerning the standard of care are both irrelevant and privileged. Thus, they are not discoverable under subdivision (b)(5).
Because the standard care opinion is privileged, Respondents have to establish the necessity of the materials in preparation of the case and their inability to obtain the substantial equivalent of the materials without undue hardship. Fla. R. Civ. P. 1.280(b)(4). Respondents advance two arguments in an attempt to meet these requirements. First, simply by virtue of the fact that Dr. Hyde is going to be giving opinion testimony at trial, they are entitled to all of the opinions contained in his report. Pursuant to rule 1.280, to be discoverable, the requested matter must not be privileged and must be relevant. Here, for the reasons discussed above, Dr. Hyde’s standard of care opinion is privileged and is not relevant. Second, Respondents argue that they need these opinions because they are entitled to explore Dr. Hyde’s “motive” and “bias.” In addition to failing to explain this theory, Respondents also overlook that offering an expert’s unpresented opinions simply to attack the expert’s credibility is improper. See Jordan ex rel. Shealey v. Masters, 821 So.2d 342, 348-49 (Fla. 4th DCA 2002) (holding that using the opinions of an expert that were not testified to during trial, which were irrelevant and solely used to destroy the credibility of the expert, was not admissible).
Finally, although Dr. Hyde’s opinion related to the standard of care is both irrelevant and privileged, a de novo review of the redacted portion of the report indicates that the first of the four redacted *865 paragraphs falls within the ambit of Dr. Hyde’s causation opinion and is therefore discoverable because it is relevant and is not privileged.

Conclusion

Based on the foregoing, we grant certio-rari, in part, and quash the order on review. The lower court shall order disclosure of the first redacted paragraph in the medical opinion report at issue, while maintaining the confidentiality of the three redacted paragraphs that follow.
The petition for certiorari is GRANTED, and the matter is REMANDED with instructions.
MARSTILLER and BILBREY, JJ., concur.

. Petitioner solicited Dr. Hyde’s opinions regarding the standard of care rendered by Dr. Hurford in the event the jury returned a verdict finding that the surgery was related to the collision. These opinions were sought in anticipation of a potential post-verdict equitable subrogration claim against Dr. Hurford.