OSTERHAUS, J.
John Adam Edwards and his adopted son Brindley Kuiper appeal an order vacating Mr. Kuiper’s adoption, which was finalized in 2004. Ryan Maxwell, Mr. Edwards’ biological son, argued for setting aside Mr. Kuiper’s adoption because he didn’t receive proper notice. He deemed the adoption a sham that diluted his potential for receiving distributions of family trust benefits. We reverse because Mr. Maxwell lacks standing to challenge the 2004 adoption order.
I.
Mr. Maxwell is the only biological son of Mr. Edwards and is a beneficiary of three irrevocable trusts established by Mr. Edwards’ great-grandparents to provide for their descendants. These trusts are managed at the sole discretion of trustees, who determine if, when, and to which eligible trust beneficiaries distributions are made. In 2004, Mr. Edwards adopted Mr. Kuiper, which had the legal effect of adding Mr. Kuiper as an eligible beneficiary to these trusts. Indeed; Mr. Kuiper has since been disbursed thousands of dollars from the trusts. Mr. Maxwell alleged that he didn’t know about the adoption in 2004, and he challenged the adoption when he later learned of it. In 2014, Mr. Maxwell filed a motion to set aside the final judgment of adoption, alleging fraud on the court. He claimed that the adoption should be vacated because he didn’t receive notice despite his legal interest in preventing trust benefits from flowing to Mr. Kuiper. The trial court agreed and vacated the adoption order. Messrs. Edwards and Kuiper then appealed.
II.
Adoption law in Florida is a creature of statute and of the Florida Adoption Act. *618 See § 63.012 et seq., Fla. Stat. The statutes prescribe who may adopt, who may be adopted, and under what conditions adoptions may take place. In 2006, the Legislature amended the Act to codify a decision of the Florida Supreme Court from 1996, setting forth when a third-party should be notified about an adoption, could intervene in an adoption proceeding, and could bring an action to vacate an adoption. See § 63.182(2)(a), Fla. Stat.; Stefanos v. Rivera-Berrios, 673 So.2d 12 (Fla. 1996). Generally speaking, an action to set aside a final judgment may not be filed more than one year after judgment is entered, but this doesn’t apply to allegations of fraud upon the court. See Fla. R. Civ. P. 1.540(b). Mr. Maxwell alleged harm from a fraud on the court as to Mr. Kuiper’s adoption. He claims to have had a right to notice and intervention in the adoption proceeding, yet didn’t receive notice.
The validity of Mr. Maxwell’s claim depends on whether he was entitled to notice of the adoption when it occurred in 2004. See Stefanos, 673 So.2d at 13. Under Stefanos and the Act, a party must show a direct, financial, and immediate interest in an adoption to be entitled to notice, or to have legal standing to vacate an adoption order. A showing of an indirect, inconsequential, or contingent interest is “wholly inadequate.” § 63.182(2)(a), Fla. Stat.; Stefanos, 673 So.2d at 13. So a person with an indirect interest or contingent interest in an adoption does not have standing to set aside a judgment of adoption. Id.
In this case, Mr. Maxwell lacks standing to set aside the 2004 adoption because he wasn’t entitled to notice in the first place. He had no direct, immediate, and financial interest in the adoption. The interests Mr. Maxwell possesses as an eligible beneficiary to three family trusts are all contingent. See Stefanos, 673 So.2d at 13; Dennis v. Kline, 120 So.3d 11, 22-23 (Fla. 4th DCA 2013). The trusts are solely administered at the discretion of trustees. And Mr. Maxwell has no direct or immediate right to funds in the trust or control over trust-disbursement decisions. The trustees possess unilateral discretion to determine, for instance, if disbursements are made, when disbursements are made, and to whom (among the eligible beneficiaries) disbursements are made. See Blechman v. Estate of Blechman, 160 So.3d 152, 159 (Fla. 4th DCA 2015) (defining a contingent interest partly on the basis of whether it involves an event in the future, which may never happen and which lies entirely outside the control of the beneficiary to bring about with certainty). Because Mr. Maxwell does not possess direct, financial, and immediate interests in the trusts, he had no concomitant right to receive notice about the adoption that added Mr. Kuiper as an eligible beneficiary. And he cannot now have the adoption order vacated.
Mr. Maxwell’s counterargument to vacate the adoption derives mostly from the Fourth District’s holding in Rickard v. McKesson, 774 So.2d 838 (Fla. 4th DCA 2000). There, the Court held that a contingent beneficiary of a trust was entitled to notice of an adoption proceeding that caused a contingent beneficiary to be divested of her entire interest in a trust. Id. at 840. But the situation in Rickard, to the extent that case remains good law, is not present here. Mr. Maxwell was not divested of his entire interest in the trust. He retains his eligibility and contingent interest to receive trust disbursements. The Fourth District’s decision in Dennis, subsequent to Rickard, affirms the rule that a plaintiff seeking to challenge an adoption must demonstrate a direct and immediate interest at stake in the adoption. 120 So.3d at 22-23 (quoting § 63.182(2)(a), Fla. Stat.). Mr. Maxwell lacked such a direct and immediate interest in Mr. Kuiper’s adoption.
*619 III.
Mr. Maxwell doesn’t have legal standing to bring an action to vacate the 2004 adoption order. We therefore REVERSE and REMAND with directions to reinstate the final judgment of adoption.
JAY and WINSOR, JJ., CONCUR.