DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa
General Hospital,

Petitioner,

v.

AUDREY JACKMAN and KEITH JACKMAN; UNIVERSITY OF
SOUTH FLORIDA BOARD OF TRUSTEES; TAMPA BAY
HEARING AND BALANCE CENTER, P.L.; and KYLE ALLEN,
M.D.,

Respondents.

No. 2D2023-1987
_____

March 19, 2025

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; Melissa M. Polo, Judge.

Dinah Stein and Sharon R. Vosseller of Hicks, Porter, Ebenfeld & Stein,
P.A., Miami; and Mindy McLaughlin and Carissa Wheeler Brumby of Beytin,
McLaughlin, McLaughlin, O'Hara & Bocchino, P.A., Tampa, for Petitioner.

Martez Gordon of The Gordon Firm, LLC, Zephyrhills; and Zedrick Barber,
II, of The Barber Firm, Palm Beach Gardens, for Respondents.

NORTHCUTT, Judge.

Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital

(TGH) petitions for certiorari review of two discovery orders entered in

Audrey and Keith Jackman's medical malpractice action. We grant the

petition and quash the orders.

The subject orders compelled TGH to produce documents in response to the Jackmans' discovery demands notwithstanding TGH's objections to them. TGH had raised various complaints: the demands were vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence; they violated statutory confidentiality of employee information, peer review, and quality assurance processes maintained by the hospital; and they invaded attorney-client privilege and attorney work product protection. The circuit court rejected these contentions without explanation and also disregarded TGH's assertion that it was entitled to a hearing on the discovery dispute. The court summarily entered the orders without setting forth reasons for its rulings.

TGH filed a motion it styled as one for reconsideration and/or to vacate and motion for protective order. It argued that the circuit court had erred and violated TGH's right to due process by entering the orders without a hearing. It also requested entry of a protective order until TGH was "allowed a full and fair opportunity to be appropriately heard on its objections" because the materials sought were subject to "valid objections and privileges." The court denied that motion, too, without a hearing or explanation.

"[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995). "Orders requiring disclosure of 'cat out of the bag' material that is not subject to discovery by reason of privilege or by other valid reason for nondisclosure are commonly reviewed by certiorari petition because the harm caused by wrongly

compelling the petitioner to disclose protected material is irreparable." *Barker v. Barker*, 909 So. 2d 333, 336–37 (Fla. 2d DCA 2005) (citing *Langston*, 655 So. 2d at 94).

Our decision in *Brinkmann v. Petro Welt Trading Ges.M.B.H*, 324 So. 3d 574 (Fla. 2d DCA 2021), governs here. In *Brinkmann*, the petitioners had asserted attorney-client privilege, work product privilege, and other objections to a discovery request. There was a hearing, but the circuit court ultimately overruled the objections without making findings on the privilege and work product objections. *Id.* at 578. This court held that the failure to address whether the claimed privileges applied, leaving the appellate court to guess at whether the circuit court considered them, warranted certiorari relief. *Id.* The *Brinkmann* panel was also concerned that the lower court had not conducted an in camera review of the disputed materials, which under the facts of that case further supported certiorari relief. *Id.* at 578–79*; see also Patrowicz v. Wolff,* 110 So. 3d 973, 974 (Fla. 2d DCA 2013) ("A party claiming that documents sought by an opposing party are protected by the attorney-client privilege is entitled to have those documents reviewed *in camera* by the trial court prior to their disclosure.").[1]

---

[1] The *Brinkmann* decision is just a recent example of a line of cases in which this court has held that a lower court's failure to provide due process and findings demonstrating its consideration of privilege claims warrants certiorari relief. *See E. Bay NC, LLC v. Est. of Djadjich*, 273 So. 3d 1141, 1144 (Fla. 2d DCA 2019) (granting certiorari review where it was unclear whether the trial court considered statutory objections to discovery requests); *Harborside Healthcare, LLC v. Jacobson*, 222 So. 3d 612, 616 (Fla. 2d DCA 2017) (holding that "it may be a departure from the essential requirements of the law when the trial court requires production of documents—without explanation—despite objections that statutory protections apply").

As was the case in *Brinkmann,* here we are "simply left 'to guess at the basis for the discovery of each document.' " *Brinkmann,* 324 So. 3d at 579 (quoting *E. Bay NC, LLC v. Est. of Djadjich,* 273 So. 3d 1141, 1144 (Fla. 2d DCA 2019)). Also as in *Brinkmann,* the circuit court entered the subject orders without conducting an in camera review of documents that may have been privileged. Indeed, here the circuit court did not even hold a hearing, let alone make any oral or written findings, and it did not otherwise demonstrate that it had considered the claims of privilege. We therefore must quash the orders.

Note that we do not reach TGH's objections based on vagueness, overbreadth, or relevance. *See Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC,* 99 So. 3d 450, 455–57 (Fla. 2012) (holding that overbreadth is not a basis for certiorari relief from a discovery order). Thus, this decision does not establish law of the case with respect to those objections, and it does not preclude TGH from raising, or the circuit court from considering, any of them. *See Barker,* 909 So. 2d at 388 n.2 (recognizing that an appellate court does not create law of the case on an issue by refusing to grant relief on an issue that is not appropriate for certiorari review).

Petition granted; orders quashed.

VILLANTI and SMITH, JJ., Concur.

————————————————

Opinion subject to revision prior publication.

4