524 So.2d 1126 (1988)
Thomas A. RICHARDSON, Appellant,
v.
John H.M. RICHARDSON, Individually, and Priscilla M. Richardson, Personal Representative of the Estate of Herbert M. Richardson, Deceased, Appellees.
No. 87-1312.
District Court of Appeal of Florida, Fifth District.
May 12, 1988.
Stephen D. Dunegan of Lowndes, Drosdick, Doster, Kantor & Reed, Professional Ass'n, Orlando, for appellant.
Johnie A. McLeod of McLeod, McLeod & McLeod, P.A., Apopka, and Michael Sigman, Orlando, for appellees.
*1127 COWART, Judge.
Herbert Richardson died, leaving a widow, four sons, and a will creating a marital trust and a family trust. The income from the marital trust goes to the widow for life. She has an absolute power of appointment over the remainder of that trust, but if it is not exercised, any remainder is added to the family trust. The family trust gives a corporate trustee sole discretion to pay principal and income to the widow or to the decedent's children during the widow's lifetime. The widow also has a testamentary power of appointment over the family trust exercisable in favor of any of the decedent's descendents. If this power of appointment is not exercised the remainder, if any, of the income and corpus of the family trust is to be distributed to the decedent's children and their survivors, per stirpes.
When the widow, as personal representative, filed a final accounting and petitioned for discharge, one son, the appellant Thomas A. Richardson, objected. The personal representative moved to dismiss appellant's objection, and testified at the hearing that she, as widow, would never disclaim her interest in the trust and "that she has already in writing by will or otherwise, exercised her power of appointment in favor of [appellant's brothers] and will never change her mind" nor "make any move that will allow [appellant] to benefit from the estate." The trial judge granted the motion to dismiss appellant's objection on the ground that, because of the widow's testimony, appellant was not an "interested person" entitled to object to the personal representative's final accounting or discharge under Fla.R.P. & G.P. 5.401(a).
Appellant may receive some benefit under one of the trusts created by his father's will in the event (1) the widow fails to validly exercise her power of appointment; (2) the widow exercises her power of appointment in favor of appellant; or (3) the corporate trustee of the family trust exercises its discretion in favor of appellant.
Although the widow now vows she will exercise her power to prevent appellant from benefiting under either of the two circumstances that she has power to control, nevertheless, no matter how remote the possibility may be, until the mother exercises her power of appointment and dies, it cannot be held as a matter of law that either of these two events will never occur.[1] Further, and in similar manner, it cannot be held as a matter of law that the corporate trustee will never exercise its discretion in favor of appellant, a possibility over which the widow has no legal control.
Appellant is a contingent beneficiary under the two testamentary trusts. Although his interest may never "vest in possession or enjoyment," it is already "vested in interest" and in legal contemplation. Such legal interest may reasonably be expected to be affected if the personal representative has not properly administered the decendents' estate and does not deliver to the testamentary trusts all of the assets to which the trusts are entitled under the will.[2] Therefore appellant is "an interested person" within the meaning of those words as defined in section 731.201(21), Florida Statutes, and Fla.R.P. & G.P. 5.190(21) and is entitled to object to the personal representative's final accounting and discharge. Accordingly, the order granting the motion to strike appellant's objection is
REVERSED.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] The law does not determine that a future possibility, no matter how remote, will never occur. Consider the legal concept known as the "fertile octogenarian" doctrine as discussed in Leach, Perpetuities in a Nutshell, 51 Harv.L.Rev. 638, 643 (1938).
[2] See generally In re Plaut's Estate, 27 Cal.2d 424, 164 P.2d 765 (Cal. 1945); State ex rel Cooper v. Cloyd, 461 S.W.2d 833 (Mo. 1971); Canada v. Daniel, 175 Mo. App. 55, 157 S.W. 1032 (Mo. 1913); Annot., Contingent interest as sufficient to entitle one to oppose or contest will or codicil, 162 A.L.R. 843 (1946).