FASTRACK APPEAL
PER CURIAM.
This appeal involves the unpleasant but not unfamiliar scenario wherein a son is suing his mother over the administration of an estate. The basis of the appellant’s *1015 attack is that undue influence was used on the decedent in procuring the will and that his mother had committed fraud. The will provided that appellant’s mother, who was the personal representative, was to receive the income from the estate for life, and upon her death, the trustee would distribute the principal and income to her descendants, including appellant. Appellant further contends that his mother had expended her trust income and would invade the trust principal. Finally, the petition alleged that appellant’s mother failed to comply with Florida law concerning the administration of the estate.
Appellee raised an affirmative defense that appellant was without standing to seek revocation of probate. She supported this argument by the fact that the will contained a lapse provision, and that any interest in the appellant was contingent, because of the life estate provision to ap-pellee. The trial court agreed with appel-lee’s position and entered summary judgment against the appellant on the basis of lack of standing. We disagree with the trial court’s determination and reverse.
In Richardson v. Richardson, 524 So.2d 1126 (Fla. 5th DCA 1988), the testator’s son, who was a contingent beneficiary under a testamentary trust, sued the personal representative when she filed for an accounting and petition for discharge. The personal representative moved to dismiss appellant’s complaint and testified that as a widow she would never disclaim her interest in the trust and never exercise her power of appointment in favor of appellant, but only in favor of appellant’s brothers. The trial court granted the motion to dismiss, concluding that appellant was not an interested party. Section 731.201(21), Florida Statutes (1987), provides the statutory definition of interested party for purposes of probate proceedings. The fifth district, in reversing Richardson, held that
Appellant is a contingent beneficiary under the two testamentary trusts. Although his interest may never “vest in possession or enjoyment,” it is already “vested in interest” and in legal contemplation. Such legal interest may reasonably be expected to be affected if the personal representative has not properly administered the decedents’ estate and ' does not deliver to the testamentary trusts all of the assets to which the trust are entitled under the will. Therefore appellant is “an interested person” within the meaning of those words as defined in section 731.201(21), Florida Statutes, and Fla.R.P. & G.P. 5.190(21) and is entitled to object to the personal representative’s final accounting and discharge.
Id. at 1127 (footnote omitted). Under the authority of Richardson, we find the trial court erred in holding that appellant in the instant case was not an interested person.
Further, the appellant in this case has executed a “qualified renunciation” of his interest in the will. As was noted in In re: Estate of Gaspelin, 542 So.2d 1023 (Fla. 2d DCA), rev. denied, 547 So.2d 1209 (Fla.1989), a qualified renunciation by a beneficiary leaves the disputed property in the possession of the estate and does not unreasonably disrupt the orderly and timely distribution of the estate assets.
For the foregoing reasons, we reverse and remand for further proceedings on appellant’s petition, consistent with this opinion.
DOWNEY and POLEN, JJ., and SHAHOOD, GEORGE A., Associate Judge, concur.