PER CURIAM.
After the death of Joel Davis on August 7, 2011, his 2009 will was admitted into *121 probate with respondent/appellee, Laurie Kleinman, appointed as personal representative. Petitioner/appellant, Marlene Gordon, filed her Petition for Revocation of Probate of Will alleging that Davis’s 1983 will (in which she was the beneficiary) was his only valid will. Respondent filed a motion to dismiss arguing that petitioner lacked standing to assert the claims and she failed to allege any facts supporting her claim of undue influence. Ultimately, the trial court granted respondent’s motion to dismiss. Petitioner filed a timely notice of appeal, arguing that she has standing to petition for revocation of the 2009 will because she has alleged that all wills executed by Davis after the 1983 will were invalid. We agree petitioner’s Second Amended Petition was sufficient to withstand a motion to dismiss and reverse and remand for further proceedings.
Respondent’s initial motion to dismiss the Petition for Revocation of Probate of Will was denied without prejudice. Respondent renewed her motion to dismiss and attached Davis’s last four wills from 1992, 2003, 2008, and 2009 in which petitioner was not named a beneficiary. Respondent raised the same grounds for dismissal. Without a ruling on the motion, petitioner amended her petition and attached the 1983 will in which she was a beneficiary. Respondent again moved to dismiss, which the trial court granted with leave to amend.
Petitioner filed her Second Amended Petition for Revocation of Probate of Will in which she alleged that, due to undue influence and testamentary incapacity based upon lack of capacity and insane delusion, the last four wills were invalid. Respondent again filed her motion to dismiss asserting that petitioner had not corrected the prior deficiencies. The trial court granted the motion, finding that petitioner lacked standing to contest probate of the will and that she failed to state a cause of action. The trial court gave petitioner leave to amend but admonished counsel to be cognizant of section 57.105, Florida Statutes. When petitioner did not amend her petition, the trial court dismissed the petition.
“We review orders of dismissal based on a lack of standing de novo.” Agee v. Brown, 73 So.3d 882, 885 (Fla. 4th DCA 2011). “In determining whether to dismiss a complaint for lack of standing, we must confine our review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept all well-pled allegations in the complaint as true.” Wheeler v. Powers, 972 So.2d 285, 288 (Fla. 5th DCA 2008) (quoting Payne v. City of Miami, 927 So.2d 904, 906 (Fla. 3d DCA 2005)).
The Florida Probate Code provides that a proceeding to revoke probate of a will may be commenced by “[a]ny interested person, including a beneficiary under a prior will, unless barred under s. 733.212 or s. 733.2123 ... before final discharge of the personal representative.” § 733.109(1), Fla. Stat. (2009). In section 731.201(23), Florida Statutes (2009), “interested person” is defined as “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.”
“A petition for revocation of probate shall state the interest of the petitioner in the estate and the facts constituting the grounds on which the revocation is demanded.” Fla. Prob. R. 5.270. “Hence, whether a person is an ‘interested person’ is an element that must be established by the petitioner seeking revocation of probate .... ” Wehrheim v. Golden Pond Assisted Living Facility, 905 So.2d 1002, 1006 (Fla. 5th DCA 2005). “[A] petitioner may not be an interested person in revocation and removal proceedings if previous *122 and presumptively valid wills have been discovered that, similar to the current will, do not include the petitioner as a beneficiary of the estate.” Id. (citations omitted). Thus “it is the burden of the petitioner seeking to revoke the present will to establish that the previous will, which also excludes the petitioner as a beneficiary, is invalid.” Id.
To withstand a motion to dismiss, the petition must be reviewed for sufficient allegations that the petitioner is an interested person and that previous wills which excluded the petitioner are invalid. In the second amended petition, petitioner alleged that she was the beneficiary of the 1983 will and that all of the prior wills under which she was not a beneficiary were the result of undue influence and/or testamentary incapacity and therefore invalid. Petitioner has pleaded sufficient allegations of standing and the trial court erred in dismissing her petition. Accordingly, we reverse the trial court’s dismissal of the second amended petition and remand for further proceedings.

Reversed and remanded.

LEVINE, FORST, JJ., and KLINGENSMITH, MARK W., Associate Judge, concur.