# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1139
Lower Tribunal No. 12-8650
_____

**Richard Effs,**
Appellant,

vs.

**Sony Pictures Home Entertainment, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gill S. Freeman, Judge.

Daniels Kashtan, and Lorne E. Berkeley, for appellant.

Shutts & Bowen LLP, and Suzanne Youmans Labrit (Tampa) and Jerel C. Dawson, for appellee.

Before ROTHENBERG, LAGOA, and LOGUE, JJ.

ROTHENBERG, J.

The question presented in this appeal is whether the "continuing tort"

doctrine is applicable to Richard Effs' ("Effs") claim for tortious interference with a business relationship against Sony Pictures Home Entertainment, Inc. ("Sony Pictures"), which, if applicable, would delay the commencement of the four-year statute of limitations. Because we conclude that the continuing tort doctrine is not applicable, we find that Effs' claim was barred by the expiration of the statute of limitations, and therefore, affirm the entry of final judgment in favor of Sony Pictures.

### FACTS AND PROCEDURAL HISTORY

On March 6, 2012, Effs filed suit against Sony Corporation of America Pictures ("Sony") and others, alleging that he had a 25% ownership interest in a motion picture—*Shottas*—pursuant to an oral agreement he had with defendant Norman "Cess" Silvera ("Silvera") and Keith Dean, a deceased non-party. Thus, Effs alleged that when Sony subsequently entered into a licensing agreement with others and acquired licensing and distribution rights to *Shottas*, Sony tortiously interfered with the business relationship Effs had with Silvera and Dean.

Sony Pictures[1] answered Effs' complaint and asserted affirmative defenses, including that Effs' claim for tortious interference with a business relationship was barred by the expiration of the applicable four-year statute of limitations. § 95.11(3)(o), Fla. Stat. (2005). Thereafter, Sony Pictures moved for summary

---

[1] Sony Pictures was substituted for Sony as the real party in interest.

2

judgment on that basis.

When considered in the light most favorable to Effs as the non-moving party, the record reflects that Silvera and Effs formed Access Pictures, LLC to produce *Shottas*. In 2005, after the movie was produced, Silvera met with Sony Pictures without Effs' presence, and in May 2005, Sony Pictures entered into a licensing agreement whereby Sony Pictures was granted exclusive distribution rights to *Shottas*. Pursuant to the licensing agreement, the first payment from Sony Pictures was due on October 30, 2005; other distribution payments were allegedly made after that date; and in May 2007, Effs' counsel sent Sony Pictures an email advising it of Effs' involvement in *Shottas*.

Following a hearing, the trial court entered an order granting Sony Pictures' motion for summary judgment. Specifically, the trial court found that Effs' claim for tortious interference with a business relationship accrued on October 30, 2005, when Sony Pictures was required to make its first distribution payment, and under the "delayed discovery doctrine," the latest date that Effs learned of the alleged interference was in May 2007—which is when Effs' counsel emailed Sony Pictures—and therefore the claim was time-barred because the lawsuit was filed on March 6, 2012. In reaching this conclusion, the trial court rejected Effs' argument that Sony Pictures engaged in a "continuing tort" based on Sony Pictures' subsequent distribution payments in the years following the execution of the

3

licensing agreement. Specifically, the trial court found that "the distributions did not constitute tortious interference. Rather, they were part of Effs' alleged damages resulting from the claimed interference." Thus, the trial court entered a final judgment in favor of Sony Pictures.

## ANALYSIS

As previously stated, the question presented in this appeal is whether the "continuing tort" doctrine is applicable to Effs' claim for tortious interference with a business relationship[2] filed against Sony Pictures. Under the continuing tort doctrine, the cause of action **accrues** when the tortious conduct ceases. Laney v. Am. Equity Inv. Life Ins. Co., 243 F. Supp. 2d 1347, 1357 (M.D. Fla. 2013) (applying Florida law). "**A continuing tort is 'established by continual tortious *acts*, not by continual harmful effects from an original, completed act**.'" Suarez v. City of Tampa, 987 So. 2d 681, 686 (Fla. 2d DCA 2008) (quoting Horvath v. Delida, 540 N.W.2d 760, 763 (Mich. 1995)) (italics in original; emphasis added); see also Black Diamond Props, Inc. v. Haines, 69 So. 3d 1090 (Fla. 5th DCA 2011).

Although it appears that there are no Florida cases addressing the

---

[2] The elements of a claim for tortious interference with a business relationship are "(1) the existence of a business relationship . . . ; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship." Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985).

"continuing tort" doctrine as it pertains to a cause of action for tortious interference with a business relationship, we find several persuasive decisions rendered from other jurisdictions. For example, in D'Arcy & Assocs., Inc. v. K.P.M.G. Peat Marwick, L.L.P., 129 S.W.3d 25, 30 (Mo. Ct. App. 2004), the appellate court found as follows:

> Assuming that [the defendant] unjustifiably interfered with [the plaintiffs'] business relationship, [the defendant's] tortious conduct was complete when it induced or caused the breach. The wrong, therefore, was not continuing. The damage or injury that had been inflicted may have continued to develop during successive tax periods, but it did not result from repeating wrongful conduct.

See also Elec. Bankcard Sys., Inc. v. Retriever Indus., Inc., 2003 WL 204717, *7 (Tex. App. Jan. 30, 2003) (declining to apply the continuing tort doctrine to the plaintiffs' claim for tortious interference with a business relationship where there is no "ongoing wrong"; noting that the "continuing loss of residual fees that may have resulted from that alleged wrongful conduct does not toll the statute of limitations").

We therefore agree with the trial court's determination that the continuing tort doctrine is not applicable to Effs' claim for tortious interference with a business relationship. Contrary to Effs' assertion, the tort was not continual in nature merely because Sony Pictures made subsequent distribution payments. These additional distribution payments were merely "harmful effects from an original, completed act." Suarez, 987 So. 2d at 686 (quoting Horvath, 540 N.W.2d

5

at 763).  Although these additional distribution payments could have potentially increased Effs' claimed damages, they did not delay the cause of action from accruing. Because the "continuing tort" doctrine is not applicable in the instant case, we conclude that the trial court properly determined that the cause of action was barred by the four-year statute of limitations.

We also conclude that Effs' remaining arguments are without merit and do not warrant discussion.  Accordingly, we affirm the final judgment entered in favor of Sony Pictures.

Affirmed.