DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM J. WICHMANN,** individually, and **WILLIAM J. WICHMANN, P.A.,**
Appellants,

v.

**CONRAD & SCHERER, LLP, J. MICHAEL FITZGERALD,** individually, and **FITZGERALD & ASSOCIATES, P.A.,**
Appellees.

No. 4D16-2864

[January 10, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch IV, Judge; L.T. Case No. 09-011600 (05).

Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach, and William J. Wichmann of Law Offices of William J. Wichmann, P.A., Fort Lauderdale, for appellants.

Albert L. Frevola and Janine R. McGuire of Conrad & Scherer, LLP, Fort Lauderdale, for appellee Conrad & Scherer, LLP.

KLINGENSMITH, J.

Appellee Conrad & Scherer, LLP ("Conrad") filed suit against appellants William J. Wichmann and his law firm in a multi-count complaint following Wichmann's separation from Conrad. Wichmann responded by filing five counterclaims against Conrad, alleging misconduct on the part of his former employer. The trial court dismissed all five counterclaims, finding they were permissive and brought outside the applicable statute of limitations. We find that counts one through three were compulsory counterclaims, but counts four and five were permissive. Therefore, we dismiss this appeal as to the compulsory counterclaims for lack of jurisdiction, and affirm the trial court's dismissal of the permissive counterclaims.

According to Conrad's complaint, Wichmann was a partner at the firm before he abruptly resigned in February 2009. Days before his resignation,

Wichmann "stealthily" took 120 files, original documents, work product, and software from Conrad. Wichmann also used the firm's resources to file "Notices of Change of Law Firm" in several pending state and federal cases, and informed the court that these clients were now being represented by his new law firm, Rothstein, Rosenfeldt, and Adler ("RRA").

Conrad was granted leave to amend its complaint four times. Finally, in April 2016, the court approved Conrad's fifth amended complaint as the operative complaint. This complaint added another attorney as a defendant and had a total of twelve counts, including claims for breach of fiduciary duty, fraud, conspiracy, and defamation. Conrad requested damages and the imposition of a constructive trust for any income Wichmann acquired in the future because of this "massive client-grabbing scheme."

Wichmann filed his answer and included five counterclaims arising from a fact scenario rivaling those that might be found in a John Grisham novel. Wichmann averred that since 2008, while he was a contract partner with the firm, Conrad and its employees "perpetuated a scheme to manufacture, file and maintain frivolous and fraudulent cases against U.S. corporations." Wichmann also claimed that Conrad and its employees engaged "in illegal acts, including but not limited to witness bribery, suborning perjury and money laundering."

Wichmann claimed he objected and refused to participate in these illegal activities, but the firm nonetheless continued, which "caused or contributed to Wichmann's disassociation from [Conrad]." Under counts one through three, Wichmann alleged that Conrad not only breached its fiduciary duty and contract with Wichmann by engaging in such illegal activities, but Conrad also committed fraud by attempting to conceal the unlawful conduct.

Under counts four and five, Wichmann alleged that after he resigned from Conrad and accepted a position at RRA, Conrad unlawfully and intentionally interfered with Wichmann's business relationship by immediately contacting RRA, making false statements about him, and convincing RRA to revoke its offer of employment.

Conrad moved to dismiss Wichmann's counterclaims, arguing that all five were permissive, not compulsory, because they did not bear a logical relationship to its complaint. As permissive counterclaims, Conrad argued that they were barred by the statute of limitations because they involved facts that occurred seven years prior to Wichmann's filing. The trial court

agreed with Conrad and entered an order dismissing Wichmann's counterclaims with prejudice. This appeal followed.

The issue of whether the trial court correctly characterized Wichmann's counterclaims as permissive, rather than compulsory, presents a pure question of law subject to de novo review. *See Whigum v. Heilig-Meyers Furniture Inc.*, 682 So. 2d 643, 646 (Fla. 1st DCA 1996).

A counterclaim is compulsory if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fla. R. Civ. P. 1.170(a). In determining whether a counterclaim is compulsory, Florida courts have adopted the logical relationship test:

> [A] claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

*Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 20 (Fla. 1992) (quoting *Neil v. S. Fla. Auto Painters, Inc.*, 397 So. 2d 1160, 1164 (Fla. 3d DCA 1981)).

"The purpose of the compulsory counterclaim is to promote judicial efficiency by requiring defendants to raise claims arising from the same 'transaction or occurrence' as the plaintiff's claim." *Londono*, 609 So. 2d at 19. Thus, "courts should give the phrase 'transaction or occurrence that is the subject matter of the suit' a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Stone v. Pembroke Lakes Trailer Park, Inc.*, 268 So. 2d 400, 402 (Fla. 4th DCA 1972).

We find that counts one through three were compulsory counterclaims because they bear a logical relationship to Conrad's complaint. Counts one through three are primarily based on allegations that Conrad illegally paid witnesses and filed fraudulent lawsuits, which required Wichmann to take actions to protect himself and his clients. Those actions became the basis for Conrad's complaint against him.

Specifically, under counts one and three, Wichmann made the following four allegations: (1) Conrad failed to provide Wichmann with enough staff for his cases; (2) Conrad secretly referred Wichmann's clients to outside firms; (3) Conrad did not provide Wichmann enough compensation for bringing in clients; and (4) Conrad failed to agree on a joint letter to clients

3

upon Wichmann's resignation. These four allegations are intertwined with the allegations contained in Conrad's complaint because they are all based on Wichmann's employment relationship with Conrad and the details surrounding his resignation.

Having found these counterclaims to be compulsory, we dismiss the appeal as to these counterclaims for lack of jurisdiction because an order dismissing a compulsory counterclaim is "not appealable until a final disposition of the original cause has [been] obtained on the merits." *4040 IBIS Circle, LLC v. JPMorgan Chase Bank*, 193 So. 3d 957, 960 (Fla. 4th DCA 2016) (quoting *Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A.*, 621 So. 2d 507, 509 (Fla. 2d DCA 1993)).

However, we agree with the trial court that counts four and five did not arise out of the same core of operative facts as Conrad's complaint. Conrad's complaint was based on Wichmann's conduct during his employment with Conrad, specifically focusing on the actions he took days before his resignation. On the other hand, counts four and five were based on Conrad's conduct after the firm was informed of Wichmann's resignation. *See Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 207 (Fla. 4th DCA 2002) (holding that the defendant's counterclaim was permissive because the plaintiff's complaint focused on the breach of the contract, but the defendant's counterclaim focused on tortious conduct that occurred after the breach).

Moreover, Conrad's complaint did not "activate[] additional legal rights in [Wichmann] that would otherwise remain dormant" because even if Conrad never sued Wichmann for using the firm's resources to steal clients, Wichmann would still have had a cause of action against Conrad for intentional interference with a business relationship. *Londono*, 609 So. 2d at 20. Further, there is no indication that Conrad's "false statements" about Wichmann to RRA were in any way based on Wichmann's purported "massive client-grabbing scheme."

It is well settled that a permissive counterclaim will be barred if it is filed beyond the statute of limitations. *See DuBreuil v. James*, 365 So. 2d 184, 185 (Fla. 3d DCA 1978). The trial court properly dismissed counts four and five because they were permissive counterclaims and based on conduct that occurred in 2009. *See Effs v. Sony Pictures Home Entm't, Inc.*, 197 So. 3d 1243, 1244 (Fla. 3d DCA 2016) (holding that a party's "claim for tortious interference with a business relationship was barred by the expiration of the applicable four-year statute of limitations"). As a result, we remand this case to the trial court for further proceedings in accordance with this opinion.

4

*Dismissed in part, Affirmed in part, and Remanded.*

GROSS and MAY, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**