# Third District Court of Appeal

## State of Florida

Opinion filed October 20, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-0965
Lower Tribunal No. 18-5077

————————

**Dr. Marc Bivins, et al.,**
Appellants,

vs.

**Charles W. Douglas, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Law Offices of David Howard Goldberg, P.L. and David Howard Goldberg, for appellants Anabelle Bivins and Lorelei Bivins; Adrian Philip Thomas, P.A. and Adrian P. Thomas, and Paula Castaneda (Fort Lauderdale); Daniel McDermott, P.A., and Daniel L. McDermott (Fort Lauderdale), for appellants Dr. Marc Bivins, and Dr. Marc Bivins and Dr. Balkys Bivins, as Biological Parents and Natural Guardians of P.B., a Minor Child.

Cartolano & Alvero, P.A., and Joe Cartolano, for appellees Phyllis Johns, Sally Knowles, and Emily Moynihan; Dunwody White & Landon, P.A., and Jack A. Falk, Jr., for appellee The Dr. M. Lee Pearce Foundation, Inc.;

Goldman Felcoski & Stone, P.A., and Brian J. Felcoski and Robert W. Goldman, for appellee Charles W. Douglas, as Trustee of the M. Lee Pearce Living Trust, as amended.

Before EMAS, SCALES, and HENDON, JJ.

HENDON, J.

## INTRODUCTION

This is an appeal of a final order dismissing Appellants' second amended complaint with prejudice. As the Appellants have failed to establish that they have standing to pursue the claims asserted in the second amended complaint, we affirm.

## BACKGROUND

Dr. Marc Bivins ("Bivins"), Anabelle Bivins ("Anabelle"), Lorelei Bivins ("Lorelei"), and the natural guardians of P.B. ("P.B.") (hereinafter "Appellants") filed a declaratory action seeking to invalidate several trust instruments executed by the decedent, Dr. Milton Lee Pearce ("Pearce"). The appellees, defendants below, are Charles W. Douglas, as Trustee of the M. Lee Pearce Living Trust ("Trust"), as amended, and the Dr. M. Lee Pearce Foundation, Inc.

Bivins alleges that he and/or his three biological daughters are the lineal descendants and sole intestate heirs of Pearce's intestate estate. This is so, he contends, because Bivens was born out of wedlock and that his

2

biological mother and his biological father, Pearce, participated in a marriage ceremony after Bivens' birth and thus Bivens is a descendant of Pearce and one of the natural kindred of Pearce's family. Bivens alleged in his second amended complaint that Pearce's death vested in his intestate heirs the right to Pearce's property, and thus the Appellants, as Pearce's intestate heirs, are affected persons and interested in the Trust. Bivens additionally alleged that his paternity is established, and no further determination is necessary.

The Trust devised Pearce's fortune to his charitable foundation and certain named individuals.[1] Appellants' initial complaint chronicled several estate planning documents executed by Pearce from 2000 until his death on October 12, 2017.[2] The trial court dismissed this complaint, outlining the pleading deficiencies, including, among others, lack of standing, the prematurity of counts I and II, and the failure to join indispensable parties.

Thereafter, Appellants filed an amended complaint, raising new allegations as to Bivens' paternity, the statute of limitations, and allegations

---

[1] It is important to note that, from 2000 until Pearce's death, Appellants were never included as beneficiaries of Pearce's Trust.

[2] The first complaint challenged the Trust and sought the following relief: Count I – a declaration that a separate writing was invalid; Count II – a declaration that the 2017 Trust Restatement was invalid due to a lack of a beneficiary; and Count III – a declaration that the 2017 Trust Restatement was invalid due to a lack of sufficient mental capacity.

of equitable estoppel. Also referenced in the amended complaint are Pearce's trusts from 2000 to 2017, and the 2017 Trust Restatement, which was attached as an exhibit. The trial court likewise dismissed the amended complaint, elaborating even further on the deficiencies in the amended complaint, specifically, the failure to adequately plead standing and establish Bivins' paternity. The court further restated that counts I and II were premature.

Appellants then filed the second amended complaint, which is the operative pleading. In this amended complaint, the Appellants addressed allegations as to standing and the application of the statute of limitations. The second amended complaint included an additional count, count IV, in which they alleged that the trust sought to achieve a discriminatory objective.[3]

Appellees again sought a dismissal, but this time with prejudice. Following a hearing, the trial court granted the motion, and entered final judgment. In doing so, the court noted that as a threshold matter, the second amended complaint "for the third time, [did] not contain sufficient allegations

---

[3] Although count IV was first pled in the second amended complaint, factual allegations as to Pearce's racist motives were pled in both the first complaint and the amended complaint. Said allegations included the claim that Pearce disinherited Bivins on the account of his having married a woman "of African American descent."

4

to support [Appellants'] standing to bring the claims alleged." Specifically, count III was dismissed on the grounds that Appellants lacked standing to challenge the 2017 Trust instruments. Counts I, II, and IV were dismissed for failure to state a cause of action for declaratory relief. In entering final judgment, the court reasoned that a dismissal "with prejudice" was appropriate because "further amendments to the Complaint would be futile given the opportunities already provided to [Appellants] to amend the Complaint and the Court's prior rulings regarding the deficiencies in those pleadings." This appeal followed.

## STANDARD OF REVIEW

"A trial court's order granting a motion to dismiss is reviewed de novo." Edwards v. Landsman, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011).

## ANALYSIS

Appellants raise three issues, and several sub-issues. As a preliminary matter, Appellants argue that the trial court erred in considering exhibits attached to the second amended complaint when ruling on the motion to dismiss.

The second amended complaint specifically refers to, and attaches, the 2017 Trust Restatement. Since Appellants' standing is premised on the Trust's contents, the trial court correctly considered the terms of the Trust in

5

ruling on the motion to dismiss. See One Call Prop. Servs. Inc. v. Sec. First Ins. Co., 165 So. 3d 749, 752 (Fla. 4th DCA 2015) ("[W]here the terms of a legal document are impliedly incorporated by reference into the complaint, the trial court may consider the contents of the document in ruling on a motion to dismiss. . ."); see also K.R. Exchange Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889, 894 (Fla. 3d DCA 2010) (stating that a "court must consider an exhibit attached to the complaint together with the complaint's allegations, and the exhibit controls when its language is inconsistent with the complaint's allegations").

## I. **Standing**

This Court reviews orders of dismissal based on lack of standing de novo. Gordon v. Kleinman, 120 So. 3d 120, 121 (Fla. 4th DCA 2013).

"Standing is a threshold inquiry that must be addressed before considering the merits of a cause of action. To have standing, a would-be litigant must show 'a direct and articulable interest in the controversy, which will be affected by the outcome of the litigation.'" Cruz v. Cmty. Bank & Tr. of Fla., 277 So. 3d 1095, 1097 (Fla. 5th DCA 2019) (quoting Centerstate Bank Cent. Fla., N.A. v. Krause, 87 So. 3d 25, 28 (Fla. 5th DCA 2012)) (internal citations omitted).

6

Appellants contend that the second amended complaint contained sufficient allegations to establish standing to maintain a declaratory action to invalidate the Trust. Specifically, Appellants argue they have standing to contest the Trust because (1) they are Pearce's intestate heirs; and (2) they are "interested persons" within the meaning of the Florida Trust Code. We disagree.

## A. Intestate Heirs

Both Bivins and Bivins's children claim they have standing to contest Pearce's Trust because they are Pearce's intestate heirs.

### Bivins

Appellants argue that the mere statement that Bivins is Pearce's biological son is sufficient to establish that Bivins is Pearce's intestate heir. Appellants further argue that the statute of limitations as to paternity does not bar Bivins's claims. Appellants also contend that the "delayed discovery doctrine" and the doctrine of equitable estoppel bar the application of the statute of limitations. None of these arguments have merit.

#### a. Statute of limitations

Bivins claims standing as an intestate heir because he is Pearce's biological son, and points to paragraphs 14 and 16 of the second amended complaint. However, the blanket statement that "Pearce was the biological

7

father" of Bivins, without more, fails to establish Pearce's paternity. See Robinson v. Robinson, 298 So. 3d 1202 (Fla. 3d DCA 2020).

Section 95.11(3)(b) of the Florida Statutes imposes a four-year statute of limitations on an "action relating to the determination of paternity, with the time running from the date the child reaches the age of majority." Thus, in order to qualify as Pearce's intestate heir, Bivins would have had to establish Pearce's paternity within the time period allowed by the statute of limitations. Here, the limitations period ran in 1987, i.e., four years after Bivins reached the age of majority when he turned eighteen years old. Because Bivins failed to obtain a judicial declaration of paternity within that period. Bivins's claim is barred by the statute of limitations.[4]

In another effort to circumvent the statute of limitations, Appellants assert that Bivins was born out of wedlock and that his biological mother and Pearce participated in a marriage ceremony after his birth. In Appellants' view, Bivins is Pearce's descendent. In support of this contention, Appellants

---

[4] We disagree with Appellants' contention that the trial court erred in considering the statute of limitations in ruling on the motion to dismiss because it required the court to consider matters outside the four corners of the complaint. The second amended complaint clearly showed the applicability of the defense given that it contains allegations as to Bivins' paternity without reference to a declaration or other proof. See Gen. Motors Acceptance Corp. v. Thornberry, 629 So. 2d 292, 293 (Fla. 3d DCA 1993).

cite to section 732.108(2)(a) of the Florida Statutes, which states, in relevant part: "For the purpose of intestate succession . . . a person born out of wedlock is . . . a descendant of his or her father . . . if: (a) [t]he natural parents participated in a marriage ceremony before or after the birth of the person born out of wedlock, even though the attempted marriage is void."

In making this assertion, Bivens has overlooked the fact that section 732.108(2)(a) requires proof that the marriage was between Bivins' natural parents. This would still require a legal determination of paternity. See Thurston v. Thurston, 777 So. 2d 1001, 1004 (Fla. 1st DCA 2000) ("[A]lthough section 732.108(2)(a) permits a person born out of wedlock to establish an intestacy relationship between that person and a man married to his or her mother, . . . *it requires the putative heir to also establish that the marriage was between his or her natural parents*. Under the authority of In re Estate of Smith, [685 So. 2d 1206 (Fla. 1996)] such a probate proceeding is a proceeding relating to the determination of paternity to which section 95.11(3)(b) applies.") (emphasis added)). Thus, Bivins would have had to prove that Pearce was his biological father to establish an intestacy relationship to Pearce on the basis of his marriage to Bivins's mother pursuant to section 732.108(2)(a). Given that Bivins never obtained such a declaration from Pearce within the statute of limitations, this argument fails.

## b.        Delayed discovery doctrine

The delayed discovery doctrine "generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should have known of the tortious act giving rise to the cause of action." Hearndon v. Graham, 767 So. 2d 1179, 1184 (Fla. 2000).

Here, Appellants contend that Pearce made repeated fraudulent misrepresentations[5] that he was not Bivins' biological father, and that said misrepresentations were made until nearly the time of Pearce's death. Because of these fraudulent misrepresentations, Appellants claim that the facts giving rise to this cause of action were only discovered four years ago. In Appellants' view, the action to establish paternity is timely, given that the alleged fraud occurred less than twelve years ago.[6] This argument fails.

The delayed discovery doctrine applies solely to causes of action that are specified in section 95.031, Florida Statutes, which includes claims of

---

[5] As Appellees correctly noted, fraud must be pled with specificity, and Appellants failed to assert any cause of action for fraud as part of this suit in any of their complaints. See Strack v. Fred Rawn Constr., Inc., 908 So. 2d 563, 565 (Fla. 4th DCA 2005).

[6] Appellants cite to section 95.031(2)(a) for the proposition that "in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." However, as discussed above, Appellants never included a claim for fraud in any of the three versions of the complaint filed below.

fraud, products liability, professional malpractice, medical malpractice, and intentional torts based on abuse. See Davis v. Monahan, 832 So. 2d 708, 709–10 (Fla. 2002) (refusing to extend the application of the delayed discovery doctrine to claims involving breach of fiduciary duty). Given that Appellants failed to specifically plead a claim for fraud on the part of Pearce, the delayed discovery doctrine does not serve to bar the application of the statute of limitations.

### c.     Equitable estoppel

Appellants next argue that the doctrine of equitable estoppel renders the statute of limitations inapplicable as to the issue of paternity.

The doctrine of equitable estoppel bars the application of the statute of limitations defense where an injured party recognized a basis for filing suit, but was induced to forbear filing suit during the limitations period by the party who caused the injury. W.D. v. Archdiocese of Miami, Inc., 197 So. 3d 584, 590 (Fla. 4th DCA 2016). The argument here is that Pearce fraudulently induced Bivins to forego his right to establish paternity by fraudulently concealing the fact that he was Bivins' biological father, which Bivins did not discover until years later.

This argument fails because "equitable estoppel '*presupposes that the plaintiff knows of the facts underlying the cause of action* but delayed filing

11

suit because of the defendant's conduct.'" Black Diamond Props., Inc. v. Haines, 69 So. 3d 1090, 1094 (Fla. 5th DCA 2011) (citations omitted) (emphasis in original). In other words, Bivins would have had to: (a) be aware of the right to file a claim for paternity, but (b) then failed to do so because of Pearce's fraudulent misrepresentation. First, the second amended complaint contains no allegations that anyone actively induced Bivins into foregoing filing a paternity suit. Further, Appellants' argument centers on the fact that Bivins did not become aware of the facts underlying this cause of action, including Pearce's status as his biological father, until recently given Pearce's alleged fraud. The above facts render the doctrine of equitable estoppel inapplicable.

### 2. **Bivins' children**

Appellants argue that even if Bivins has no standing, his children, Anabelle, Lorelei, and P.B. still have standing to contest the validity of the Trust instruments as Pearce's sole heirs at law.

Because Bivins was alive when Pearce died, and would have been in a superior class of alleged descendants, Bivens' children have no standing and, thus, cannot claim any interest in the Trust. §§ 732.103, 732.104, Fla. Stat.; Estate of Tim, 180 So. 2d 161, 163 (Fla. 1965) (stating that "to be 'entitled' to inherit a share of the estate there must be no other persons of a

12

class having a prior right, under the established order of succession, to such estate"). Given that Bivins' children do not qualify as intestate heirs, and were not included as beneficiaries in any of the Trust instruments attached to the second amended complaint, they cannot challenge the Trust. See Cruz, 277 So. 3d at 1098-99 (Fla. 5th DCA 2019).

## B. "Interested Persons"

Appellants alternatively argue that they have standing to invalidate the Trust because they qualify as "interested persons" under section 731.201(23), Florida Statutes.

Section 731.201(23), Florida Statutes, defines an "interested person" as: "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. . . ."

Here, Appellants suggest that they will be affected by the outcome of the litigation because they are the intestate recipients of the Trust corpus once the assets pass through intestacy upon the invalidation of the Trust. In so doing, Appellants erroneously equate this case to Richardson v. Richardson, 524 So. 2d 1126 (Fla. 5th DCA 1988), the facts of which are easily distinguishable. Here, Appellants do not qualify as "interested persons" because they are not contingent beneficiaries under the Trust as they were never named beneficiaries in any of the numerous versions of the

13

Trust. Additionally, Appellants' interest in the Trust corpus, if any, has not already vested, as they do not qualify as contingent beneficiaries. Finally, even if the Trust instruments were deemed void, Appellants could not inherit Pearce's estate through intestacy given Bivins's failure to establish paternity within the applicable statute of limitations.

Appellants argue that they should be considered interested persons because they would inherit Pearce's estate through intestacy if the Trust were invalidated. However, the lack of a declaration of paternity rendered their cause of action barred by the statute of limitations. The Appellants cannot claim that there is a possibility that they will inherit Pearce's estate under a previous will or the law of intestacy.

Consistent with the above, the trial court correctly found that Appellants lack standing to contest the Trust because they are not "interested persons" under the Florida Trust Code.

Given that that standing is a threshold matter, and that the Appellants have failed to establish standing, we need not discuss the remaining arguments. Accordingly, we affirm the trial court's order dismissing Appellants' second amended complaint with prejudice.

Affirmed.