DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK CARMEL,**
Appellant,

v.

**NORMAN FLEISCHER,**
Appellee.

No. 4D2023-1040

[June 20, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 50-2017-CP-001695-XXXX-SB.

Mark Carmel, Wellington, pro se.

Norman A. Fleisher of Gutter Chaves Josepher Rubin Forman Fleisher Miller P.A., Boca Raton, for appellee.

WARNER, J.

Appellant, Mark Carmel, appeals an order granting a petition to discharge Norman A. Fleischer, appellee, as personal representative of the estate of Mark's father, Herbert Carmel. While Mark had filed objections to the discharge and a surcharge petition, the trial court held that Mark was not an interested person within the statutory definition and dismissed his claims for lack of standing. We reverse, as Mark was a beneficiary of a testamentary trust and was "reasonably be expected to be affected by the outcome of the particular proceeding involved." *See* § 731.201(23), Fla. Stat. (2022).

**Background**

Herbert Carmel died in 2017 and was survived by three children, including Mark. Shortly before his death, Herbert executed a codicil to his will providing that Mark's share of the estate would be held in trust, with Mark's brother Randall, and Allen Lamberg, as trustees. Mark's children became remainder beneficiaries.

Estate litigation between the brothers commenced over the will provisions which Mark claimed Randall had procured through undue influence. A settlement was reached which included appointing appellee, Norman Fleischer, to act as personal representative and administer the estate.

After the settlement agreement, the trial court entered an order terminating the trust, but Mark and one of his sons then moved to vacate the order with claims of forgery. The trial court ultimately vacated the order terminating the trust. Thus, Randall and Lamberg remained the trustees of Mark's testamentary trust, even though another part of the settlement agreement had specified that Randall and Mark were not to communicate.

While litigation continued over the settlement agreement, Fleischer administered the estate. In 2019, after receiving a trustee's accounting and also the trustee's waiver of any accounting of the estate, Mark objected to both and demanded an inventory and accounting of both the estate and trust. The trial court did not rule on these motions.

In January 2023, Fleischer filed a final accounting of personal representative, and a petition for discharge. Fleischer's petition acknowledged Mark's filings, but stated that Mark lacked standing because he was not an interested person in the proceedings. According to Fleischer, Mark was only a qualified beneficiary of a testamentary trust, and Fleischer himself was not a trustee of that trust.

Mark immediately filed an objection to Fleischer's petition for discharge, based on Fleischer's purported failure to serve the petition and the final accounting on Mark. Mark also filed a motion to compel Fleischer to serve Mark with a copy of the final accounting and a motion for a hearing on the same.

Mark then filed a surcharge petition against Fleischer, alleging improper administration of the estate. Mark alleged that Fleisher had acted based upon an invalid and unenforceable settlement agreement, had improperly assessed estate administration expenses against the trust, and had also failed to fund the trust agreement with the proper amount from the estate.

Fleischer filed a motion to strike Mark's surcharge petition. Fleischer maintained that Mark lacked standing as an interested person because

Mark was not a beneficiary of the estate but rather the beneficiary of a testamentary trust. In response, Mark filed a "brief" explaining his position as an interested party and supporting his surcharge petition and his objection to Fleischer's final accounting and petition for discharge.

After a hearing, the trial court granted Fleischer's motion to strike Mark's petition, holding: "Mark Carmel is not a beneficiary of this Estate, rather, Mark Carmel is a beneficiary of a testamentary trust created by his father, and the trustees of the trust for the benefit of Mark Carmel are Randall Carmel and Allen Lamberg. Randall Carmel and Allen Lamberg, as co-trustees, are the real parties in interest as to the portion of the Estate distributed to Mark Carmel's Trust." The trial court also granted Fleischer's petition for discharge, because no "real parties in interest" objected to the petition. This appeal follows.[1]

**Analysis**

Whether a party has standing is reviewed de novo. *Gordon v. Kleinman*, 120 So. 3d 120, 121 (Fla. 4th DCA 2013).

Mark argues that the trial court erred in holding he was not an "interested person" as the beneficiary of the testamentary trust. Section 731.201(23), Florida Statutes (2022), defines an "interested person" as:

> [**A**]**ny person who may reasonably be expected to be affected by the outcome of the particular proceeding involved**. . . . The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.

*Id.* (emphasis added).

In *Richardson v. Richardson*, 524 So. 2d 1126 (Fla. 5th DCA 1988), the court applied section 731.201(23) to determine that a contingent beneficiary of a testamentary trust is an interested person under the

---

[1] In this appeal, Mark has also sought to challenge the denial of his motion to dismiss a charging lien filed by his attorney who withdrew earlier in the litigation, as well as the denial of his motion for sanctions against the attorney. These are not properly addressed in this appeal, as the attorney is not a party to this appeal. To the extent that these were final orders on the issues, the appeal would be untimely even if Mark had joined the attorney in this appeal.

probate code. *Id.* at 1127. The Fifth District reversed an order granting the personal representative's motion to strike a beneficiary's objection to the final accounting and petition for discharge, stating:

> Appellant is a contingent beneficiary under the two testamentary trusts. Although his interest may never "vest in possession or enjoyment," it is already "vested in interest" and in legal contemplation. **Such legal interest may reasonably be expected to be affected if the personal representative has not properly administered the decedents' estate and does not deliver to the testamentary trusts all of the assets to which the trusts are entitled under the will.** Therefore appellant is "an interested person" within the meaning of those words as defined in section 731.201(21), Florida Statutes, and Fla. R. P. & G.P. 5.190(21) and is entitled to object to the personal representative's final accounting and discharge.

*Id.* (footnote omitted) (emphasis added).

We agreed with *Richardson* in *In re Estate of Watkins*, 572 So. 2d 1014, 1015 (Fla. 4th DCA 1991). There, a son who was a contingent beneficiary of a trust under the will, petitioned for revocation of probate, contending that his mother—who was a beneficiary of a testamentary trust as well as personal representative of the estate—had committed fraud in the procurement of the will. *Id.* We held that the son, as a contingent beneficiary, was an interested person who had standing to seek revocation of probate. *Id.*

Fleischer argues that *Buerki v. Lochner*, 570 So. 2d 1061 (Fla. 2d DCA 1990), and *Roller v. Collins*, 373 So. 3d 35 (Fla. 5th DCA 2023), are applicable and demonstrate Mark does not have standing. We disagree. Those cases are distinguishable, as both cases concerned whether a beneficiary of a trust, rather than the trustee, could bring an action on behalf of the trust. Here, Mark does not seek to bring an action on behalf of his trust, but rather asserts standing to object to Fleischer's final accounting and petition for discharge based on his status as the beneficiary of his testamentary trust. Mark seeks to prevent the testamentary trust for his benefit from being dissipated. Based on *Estate of Watkins*, the trial court erred in determining that Mark did not have standing to file objections as an interested person.

4

Fleischer contends that section 731.303(1), Florida Statutes (2022) supports the trial court's ruling. Section 731.303(1) provides when a representative may bind another:

> (b) **To the extent there is no conflict of interest between them or among the persons represented:**
>
> . . . .
>
> 2. Orders binding a trustee bind beneficiaries of the trust in proceedings to probate a will, in establishing or adding to a trust, in reviewing the acts or accounts of a prior fiduciary, and in proceedings involving creditors or other third parties. However, for purposes of this section, a conflict of interest shall be deemed to exist when each trustee of a trust that is a beneficiary of the estate is also a personal representative of the estate.

§ 731.303(1)(b)2., Fla. Stat. (2022) (emphasis added).

We conclude that section 731.303(1)(b)2. does not apply. We do not read section 731.303(b)2.'s last sentence as being the *sole* ground for conflict of interest. Rather, 731.303(1)(b) provides: "To the extent there is no conflict of interest between them . . . [o]rders binding a trustee bind beneficiaries of the trust . . . ." *Id.* Therefore, under 731.303(1)(b), a conflict may exist between a trustee and a beneficiary, and section 731.303(1)(b)2.'s last sentence does not exclude other conflicts, but rather provides a scenario where a conflict exists as a matter of law.

In this case, a conflict exists between Randall, a trustee, and Mark, the beneficiary. Not only do the brothers have substantial disagreements about the settlement agreement, but Randall, as a beneficiary of the estate, stands to benefit to the extent that Mark's trust is required to incur more of the estate expenses. Because a conflict of interest exists between Mark and Randall, orders binding the trustees cannot bind Mark.

## Conclusion

The trial court erred in concluding that Mark, a beneficiary of a testamentary trust, was not an "interested person" under section 731.201(23) with standing to contest the discharge of the personal representative and to file a petition for surcharge. We reverse the order of discharge and remand for further proceedings.

5

*Reversed and remanded.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**